UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Michelle Brooks,

    Plaintiff,

v.

Natalie Hernandez Policorpo,

    Defendant.

Case No. 2:25-cv-01681-RFB-NJK

ORDER

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1.

## I. *In Forma Pauperis* Application

Plaintiff filed an affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the application to proceed *in forma pauperis* (Docket No. 1) will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket.

## II. Screening the Complaint

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Moreover, the Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

The Court does not find that a sufficient showing has been made in the complaint as to federal subject matter jurisdiction. There are generally two types of subject matter jurisdiction: (1) diversity jurisdiction and (2) federal question jurisdiction.

Diversity jurisdiction exists when the plaintiff is a citizen of a different state than all of the defendants, and the claim involves more than $75,000 in controversy. 28 U.S.C. § 1332(a). The complaint provides no basis on which to find diversity jurisdiction. The complaint alleges that both Plaintiff and Defendant reside in Nevada; therefore, it appears that they are both citizens of this state. Further, the complaint also does not on its face put more than $75,000 in controversy. Hence, the complaint does not plead diversity jurisdiction.

Federal question jurisdiction exists with respect to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The complaint does not explicitly allege a federal cause of action against Defendant and does not otherwise show that the case necessarily turns on the construction of federal law. Plaintiff's claims appear to be premised largely on contract principles and eviction procedures, *see, e.g.*, Docket No. 1-1 at 3-6, issues that are generally governed by state law. Hence, the complaint does not plead federal question jurisdiction.

In short, the complaint does not provide a basis on which the Court can exercise subject matter jurisdiction over the claims against Defendant. The Court will afford Plaintiff an opportunity to amend if she believes subject matter jurisdiction can be pleaded.[1]

**III.   Conclusion**

Accordingly,

**IT IS ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis* is **GRANTED**. Docket No. 1.

---

[1] Because the Court is not satisfied that subject matter jurisdiction exists, it will not otherwise screen the amended complaint as to whether any appropriate claims have been stated.

3

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** with leave to amend. Plaintiff will have until **October 30, 2025**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**Failure to comply with this order may result in dismissal of this case.**

IT IS SO ORDERED.

Dated: September 30, 2025

_____
Nancy J. Koppe
United States Magistrate Judge